UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60037-CR-COHN(s)

UNITED STATES OF AMERICA

v.

TROY SIMON a/k/a SEAN ROBINSON,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Troy Simon (hereinafter "the defendant") enter into the following agreement for disposition of the charges in this case:

1. The defendant agrees to plead guilty to counts one and two of the information, which charge him with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. section 846 as to count I, and illegal re-entry into the United States, in violation of 8 U.S.C. section 1326(a) and (b)(2) as to count two.

2. The United States agrees to dismiss counts four and five of the indictment as to this defendant at the time of sentencing.

3. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also

aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that, as to count one of the information, the court must impose a minimum term of imprisonment of five years and may impose a statutory maximum term of imprisonment of up to forty years, followed by a term of supervised release of five years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $5,000,000 as to count one of the information. As to count two of the information the court may impose a maximum term of imprisonment of twenty years followed by a term of supervised release of three years. In addition to a term of imprisonment and supervised release the court may impose a fine of up to $250,000. As to both counts one and two of the information the court must impose a special assessment of $100. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant"s failure to pay.

5. The parties jointly agree that the appropriate disposition of this case is, and agree to recommend jointly, that the court impose a sentence within a guideline range of 92 to 115 months. The defendant understands and acknowledges that the Court is under no obligation to impose a sentence that is below the advisory guidelines range.

6. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and his background.

7. The defendant understands that he is required by this agreement to provide a complete statement to the probation office about his background and offense conduct, and in all other respects to cooperate in the preparation of his Pre-Sentence Investigation Report.

8. The obligations of the United States under this agreement will be voided if the defendant fails to provide truthful information to the probation office and the court, or if he engages in misconduct that would constitute another violation of federal or state law or is designed to mislead any court, probation, or government officer about any fact relevant to his sentencing.

9. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall

3

affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

10. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 9/27/12  By: _____
TERRY LINDSEY
ASSISTANT UNITED STATES ATTORNEY

Date: 9/25/12  By: _____
JASON KREISS
ATTORNEY FOR DEFENDANT

Date: 9/25/12  By: _____
TROY SIMON a/k/a SEAN ROBINSON
DEFENDANT

4